```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

         - against -                          MEMORANDUM AND ORDER

                                              S2 16 Cr. 505-05 (NRB)
COREY ROPER,

               Defendant.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Corey Roper was sentenced on August 7, 2019 to 13 years' imprisonment following a guilty plea to conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. §§ 1591(a), (b)(1), b(2).  Mr. Roper now moves pro se for compassionate release from Terre Haute USP, citing the unique risks posed by COVID-19 within the prison environment as well as a "pulmonary [and] mental health disorder" and a "life long breathing Type II medical condition."  ECF No. 213 at 22, 25.[1]  He also explains that he is "beginning to feel extremely stressed and depressed."  Id. at 23.  For the following reasons, the application is denied.

Mr. Roper moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling

---

[1] In his petition to the Terre Haute USP Warden, Mr. Roper explained that he had asthma.  ECF No. 213 at 33.  This is also clear from his medical records.

reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).[2]  While Mr. Roper's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Mr. Roper nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Because he has failed to do so, his motion is denied.

Mr. Roper is 28 years old.  Mental health issues are not among those conditions that the Centers for Disease Control and

---

[2] The Warden denied Mr. Roper's request for compassionate release on January 20, 2021.  ECF No. 213 at 32.

2

Prevention ("CDC") report may increase a person's risk of illness from COVID-19  See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021).  As for Mr. Roper's asthma, CDC guidance reports that moderate to severe asthma "can make you more likely" to experience increased risk from COVID-19.  Id.  However, Mr. Roper's medical records do not suggest that his asthma is severe (in fact, he indicated that his last attack was at age 5), and moreover, his medical records show that he has been able to manage his condition with medication.[3]  Courts in this District have denied compassionate release motions under similar circumstances.  See, e.g., United States v. Christie, No. 15 Cr. 288, 2020 WL 3969962, at *2 (S.D.N.Y. July 14, 2020) ("Although [Christie] has been diagnosed with asthma, his medical records . . . demonstrate that his asthma is well-controlled . . . [a]ccordingly, [Christie] has not carried his burden of demonstrating 'extraordinary and compelling reasons' justifying release." (internal quotation marks and citations omitted; alterations in original)).

In any event, even if Mr. Roper had demonstrated extraordinary and compelling reasons to support his release, the application of

---

[3] Mr. Roper recently reported to health services at Haute Terre USP that his "asthma is getting worse" however his assessment resulted in "[n]o significant findings/[n]o apparent distress."

the factors set forth in 18 U.S.C. § 3553(a) counsels against release.  Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The offenses for which Mr. Roper is incarcerated arose from his affiliation with the so-called Snow Gang, whose members engaged in myriad violent criminal activities, including the sex trafficking of young women, in which Mr. Roper was actively involved for several years.  At sentencing, the Court emphasized the everlasting harm, both physical and psychological, that Mr. Roper inflicted on his victims.  Sentencing Tr., Aug. 7, 2019, ECF No. 184 at 25-26.  Further, this Court observed that Mr. Roper does not appear to have "developed a respect for the law," a view that was supported by Mr. Roper's use of guns, disciplinary infractions during his incarceration, and violation of parole in an earlier case.  Id. at 27.

The Court accordingly denies Mr. Roper's motion.  Because Mr. Roper has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C.

§ 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).[4]

**SO ORDERED.**

Dated:    New York, New York
            April 5, 2021

                                        NAOMI REICE BUCHWALD
                                  UNITED STATES DISTRICT JUDGE

---

[4] Mr. Roper also requests the appointment of counsel. ECF No. 213 at 5. However, where, as here, a defendant collaterally attacks a conviction or a sentence — such as a motion for compassionate release — there is no right to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, Mr. Roper has failed to demonstrate that the interests of justice require the appointment of counsel. See United States v. Stewart, No. 10 Cr. 239S(5), 2021 WL 248006, at *1 n.1 (W.D.N.Y. Jan. 26, 2021)(citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985)). Mr. Roper's request for counsel is therefore denied.

<u>Defendant (pro se)</u>
Corey Roper

A copy of the foregoing Memorandum and Order has been mailed to:

Corey Roper, #77980-054
Federal Correctional Complex, Terre Haute
P.O. Box 0033
Terre Haute, Indiana 47808-0033