UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

- against -

COREY ROPER,

Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

16 Cr. 505 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In its March 25, 2022 Summary Order affirming this Court's denial of Corey Roper's ("Roper") motion for compassionate release, United States v. Roper, No. 16 Cr. 505 (NRB), 2021 WL 1252032, at *1 (S.D.N.Y. Apr. 5, 2021), the Second Circuit found that it "need not consider" whether Roper had made a showing of "extraordinary and compelling reasons" to reduce his sentence because "it makes no difference to the disposition of this case" given that the 18 U.S.C. 3553(a) factors standing alone were sufficient to warrant denial of Roper's application for compassionate release, United States v. Roper, No. 21-1055, 2022 WL 881044, at *2 (2d Cir. Mar. 25, 2022).

Nonetheless, Roper has filed his third application[1] for compassionate release repeating the same arguments he advanced in

[1] On November 16, 2021, this Court denied Mr. Roper's motions for home confinement and for reconsideration of his prior application for compassionate release and home confinement based on lack of jurisdiction due to Mr. Roper's pending appeal. ECF Nos. 231.

his earlier applications and that were rejected by this Court and the Circuit.[2] Indeed, Roper's arguments based on risks related to COVID-19 are even less compelling than when originally made in February 2021. United States v. Sosa, No. 14 Cr. 468-1 (AT), 2022 WL 1690833, at *3 (S.D.N.Y. May 26, 2022) (Given the "widespread availability of the COVID-19 vaccine, courts in this district have generally . . . denied release on compassionate release grounds where defendants are fully vaccinated." (citations omitted)); see also United States v. Santos, No. 17 Cr. 388 (KMW), 2023 WL 34822, at *2 (S.D.N.Y. Jan. 4, 2023) ("[C]ourts in this district . . . have nearly uniformly denied compassionate release sought for medical reasons when defendants refuse[] the COVID-19 vaccine." (citations and quotation marks omitted)). Thus, beyond whether Roper is vaccinated, it is significant that his current place of incarceration, Terre Haute USP, currently has no positive cases of COVID-19. See BOP COVID-19 Statistics, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/covid19_statistics.html (last updated Jan. 11, 2024).

Mr. Roper also points to his disciplinary and programming record while incarcerated as extraordinary and compelling factors.

[2] Given that the earlier opinions set out the law applicable to sentence reduction motions, that law will not be repeated here.

Def. Mot. at 9-10. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Roper thus fails to raise any grounds that constitute an extraordinary and compelling reason to support a sentence reduction.

Finally, in his application to the Warden of Terre Haute USP for a grant of compassionate release, Roper stated that he sought compassionate release based on, in part, an "error in [his] sentencing." ECF No. 272. Specifically, Roper contends that he "was enhanced for [his] priors that [he] had been convicted of as a youth" and that "today if [he] was sentenced [his] priors wouldnt [sic] be used against [him] as [criminal] history points to enhance [him] and [he] would have less time." Id. Roper properly received two criminal history points for an offense committed prior to age eighteen, as the sentence for this offense extended into the five-year period preceding his commencement of the instant offense. U.S. Sent'g Guidelines Manual § 4A1.1(b) cmt. n.2 (Nov. 2023); ECF No. 176. The fact that Roper committed this offense before the age of eighteen was well known to and considered by the Court at the time of sentencing, and since then there have been no changes to the Sentencing Guidelines that would impact the number of criminal history points attributed to that offense. Moreover,

even if the Court were to disregard the two criminal history points associated with the offense Roper committed as a juvenile, which it will not, Mr. Roper would be placed in Criminal History Category II rather than Category III, decreasing his Sentencing Guidelines range from 262 to 327 months to 235 to 293 months. Because Roper received a sentence significantly below either of those ranges -- 156 months -- any theoretical adjustment would not impact his sentence.

Accordingly, the Court denies Roper's motion.[3] The Clerk of the Court is respectively directed to close the motions pending at ECF Nos. 270 and 271.

**SO ORDERED.**

Dated: January 12, 2024
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

[3] With respect to Roper's request for appointment of counsel, ECF No. 270, we deny it for the same reasons we did in our original opinion. See also, United States v. Dozier, 18 Cr. 41 (DLC), 2022 WL 836908, at *4 (Mar. 21, 2022) ("A defendant has no right to counsel when filing a motion" for compassionate release and "[t]he decision to appoint counsel is therefore left to the discretion of the district court, which may consider the merits of the defendant's motion as a 'significant factor in the exercise of that discretion.'" (quoting United States v. Reddick, 53 F.3d 462, 465 n.2 (2d Cir. 1995)).